**Chester BURTON, Appellee,**

v.

**Lester THEOBOLD, d/b/a Aerial Spraying Service, Appellant.**

No. 2–56071.

Supreme Court of Iowa.

March 27, 1974.

D. Howard Mallonee, Mapleton, and Robert E. Beebe and Maurice B. Nieland, Sioux City, for appellant.

Bruce M. Snell, Jr., Ida Grove, for appellee.

Submitted to MOORE, C. J., and MASON, LeGRAND, UHLENHOPP and REYNOLDSON, JJ.

LeGRAND, Justice.

As originally brought, this action involved a number of defendants and numerous issues. However, on this appeal, it is a controversy solely between plaintiff, Chester Burton, and defendant, Lester Theobold, doing business as Aerial Spraying Service, presenting only one question for review—sufficiency of the evidence to sustain a verdict for damage to plaintiff's evergreen trees.

The dispute arises out of aerial spraying with 2,4–D for weed control, which defendant Theobold performed for one of plaintiff's neighbors. Plaintiff claims the herbicide caused damage to his red clover field, his alfalfa crop, and a grove of 3,000 evergreen trees which he grew commercially to sell as Christmas trees. Upon trial to a jury, plaintiff was awarded $3,816.50.

Following trial, the trial court ruled the item of damage to the red clover field should not have been submitted to the jury and reduced the verdict by $224.00, the amount of red clover damage. Plaintiff has not appealed from this remittitur. The allowance of $580.00 for damage to alfalfa, although contested at trial, is not urged as a ground for reversal. We therefore disregard it in our consideration of the case. This leaves as the only issue before us the claimed damage to evergreens in the amount of $3,012.50.

Defendant says there is no evidence to support this award. He insists the evergreen damage should not have been submitted to the jury or, in the alternative,

that he was entitled to a remittitur after verdict.

In deciding disputes concerning the sufficiency of evidence, we review only that testimony which supports the finding appealed from. In doing so, we give such evidence every favorable intendment it can reasonably bear. Winter v. Honeggers' & Co., Inc., filed February 20, 1974, and citations.

■ Upon a full review of the transcript here, we reach the inescapable conclusion that plaintiff failed to make out a jury question on his claim of evergreen damage. The verdict must be reduced accordingly.

Plaintiff argues he should prevail because questions of proximate cause are seldom determined as a matter of law. Rule 344(f)(10), Rules of Civil Procedure. This, of course, is true and we have so held on countless occasions. However, that rule presupposes *some* evidence to warrant the finding.

The controlling principle here is the one which states an issue may be submitted to a jury only if there is substantial evidence to sustain it. See Adams v. Deur, 173 N. W.2d 100, 113 (Iowa 1969); Dopheide v. Schoeppner, 163 N.W.2d 360, 364 (Iowa 1968); Schneider v. Swaney Motor Car Company, 257 Iowa 1177, 1182, 136 N.W.2d 338, 341 (1965).

Plaintiff testified in his own behalf and produced two other witnesses. We have searched the record for testimony that damage to the evergreens was caused by 2,4–D. There is none. Significantly Wayne Steinbeck and David Hessman, plaintiff's only witnesses except himself, stated unequivocally that the alfalfa and red clover damage resulted from 2,4–D. They made no such statement as to the evergreens.

■ We believe the damage claimed here requires some expert testimony to establish the properties and effects of 2,4–D.

It is not the type of damage which an ordinary juror might determine without such help.

We recently considered a somewhat related problem in Winter v. Honeggers' & Co., Inc., 215 N.W.2d 316 (Iowa). There we said:

"If the matter before the tribunal for determination is one in which opinion testimony, either lay or expert, is necessary or proper, the witness may express his opinion either as to the *possibility, probability,* or *actuality* of the matter of fact about which he is interrogated, and the answer will not be an invasion or usurpation of the province or function of the jury, even though it passes upon an ultimate fact which the jury must determine. Grismore v. Consolidated Products Co., 232 Iowa 328, 361, 5 N.W.2d 646, 663; Brower v. Quick, 249 Iowa 569, 580, 88 N.W.2d 120, 126." (Emphasis in original).

Later in that opinion this appears:

"This court has announced that expert testimony indicating that it is possible a given factual circumstance was the cause of plaintiff's injury or 'could have caused it' is insufficient, standing alone, to generate a fact question. Expert testimony indicating probability or likelihood of a causal connection is necessary for this purpose. However, when testimony of an expert witness that a described condition is merely 'possible' or 'might' exist as a consequence of a stated cause is coupled with other testimony, nonexpert in nature, that the described condition of which complaint is made did not exist before occurrence of those facts alleged to be the cause thereof, a fact question as to causal relation is generated." (citations).

Apparently plaintiff called David Hessman, county extension director, as an expert on the use of 2,4–D. Hessman testified to familiarity and experience with the product as it affects *crops.* However, he

admitted his lack of qualifications to testify as to its effect on trees.

The portion of his testimony dealing with that subject is here set out:

·"I couldn't assess any damage [to the evergreens], at that time, and, you see, the others were, of course—they are not deciduous trees, they are evergreen trees. They sell different varieties of evergreen trees. He has Austrians in there, probably some Scotch, and for me to make a statement on 2,4–D damage to trees, I couldn't—I just hate to, because I want to be fair to everybody involved, and it's hard for me to be fair when I am not competent enough in myself to know what tree damage would be * * * I am not a forester."

At another place he testified as follows:

"Q. Is 2,4–D ever used to kill trees?

"A. Well, it has been used some to do so, especially brush type, you see. Maybe even small trees, and so forth. And we generally—generally use a little stronger material type, if you really want to get them knocked out, see, 2–4–5–T which is a brush killer, and, sure, you can get tree damage with 2,4–D. How much—I am not—I don't like to make—I am not as good on trees and I feel—I don't feel as competent on what 2,4–D would do on trees as on crops."

This is the "expert" testimony on which the jury could base a finding the damage to trees was caused by 2,4–D. We say it is not enough. At its best, it merely states 2,4–D might sometimes kill trees; but at no time did the witness say it damaged these trees. On the contrary he refused to do so, admitting he was not qualified to express an opinion as to the cause of plaintiff's trouble.

Plaintiff and Steinbeck (his neighbor) both stated the trees were healthy before the spraying and started to show extensive damage four or five months later. Eventually some 250 or more had to be destroyed. If this were coupled with expert testimony that the damage "might have" or "could have" resulted from the spray, there would be a jury question. The mere fact that damage occurred, without more, is insufficient. Winter v. Honeggers' & Co., Inc., supra, and authorities cited there.

Plaintiff argues the jury was not required to believe defendant's experts, both of whom testified the evergreens could not possibly have been damaged by 2,4–D under the circumstances shown. They also said they found "needle blight" or "fungus," which can cause severe damage to evergreens.

■ We agree the jury could completely reject the testimony of these experts; or they could believe part and disregard part. In re Marriage of Boyd, 200 N.W.2d 845, 851 (Iowa 1972); Larew v. Iowa State Highway Commission, 254 Iowa 1089, 1093, 120 N.W.2d 462, 464; Iowa Development Co. v. State Highway Commission, 255 Iowa 292, 300, 122 N.W.2d 323, 328 (1963); Schmitt v. Jenkins Truck Lines, Inc., 170 N.W.2d 632, 643 (Iowa 1969).

However, this rule does not solve plaintiff's problem. If *all* of defendant's testimony is discarded, plaintiff is still left without evidence to show causal connection between the use of 2,4–D and the damage claimed. It is this failure of his own proof which is fatal to his claim.

We hold the issue of evergreen damage should have been withdrawn from the jury. The verdict for that item cannot stand. The verdict for damage to the alfalfa crop is, of course, not affected by this opinion.

The judgment for $3,012.50 representing plaintiff's claim for damage to evergreen trees is set aside as being without support in the evidence. The case is remanded to the trial court for entry of judgment in favor of plaintiff for $580.00, the amount of the jury award for damage to plaintiff's alfalfa crop.

Reversed in part and remanded with instructions.