Barbara GORE, Appellant,

v.

John F. SMITH, Appellee,

and

William R. Petrone, Defendant.

No. 89–1082.

Supreme Court of Iowa.

Jan. 23, 1991.

---

Russell S. Wunschel and Dee Ann Wunschel, Carroll, for appellant.

Barbara B. Davydov and James E. Cooling of Cooling & Herbers, P.C., Kansas City, Mo., and Richard O. Parker, Nevada, for appellee.

Considered by McGIVERIN, C.J., and HARRIS, LARSON, SCHULTZ and CARTER, JJ.

McGIVERIN, Chief Justice.

Plaintiff Barbara Gore sued defendants John F. Smith and William R. Petrone for injuries she allegedly received in an airplane accident. After trial, the jury returned a verdict in favor of defendants. Plaintiff filed a motion for new trial, alleging errors in the jury instructions and that the jury verdict was not supported by the evidence. The district court overruled the motion.

Upon plaintiff's appeal, our court of appeals reversed the district court's ruling on the motion for new trial. The court of appeals ruled that plaintiff was entitled to a new trial because an allegedly erroneous jury instruction prejudiced her substantial rights. We granted Smith's application for further review. We, now, vacate the decision of the court of appeals in part, affirm the district court judgment in part and remand the case to the district court.

I. *Background facts and proceedings.* This case arises from an accident in Ames, Iowa, occurring on July 21, 1985, when a 1938 Tiger Moth airplane owned by Petrone, piloted by Smith, and in which plaintiff was a passenger, collided with a runway boundary marker while traveling down the runway in preparation for take-off. The plane then slowed to a stop. Plaintiff filed suit claiming she suffered personal injuries as a result of that accident.

Smith admitted throughout discovery and the trial that he was negligent in his operation of the plane and that his negligence was a proximate cause of the accident. Petrone admitted that he was the owner of the airplane and therefore was jointly responsible for any liability arising out of Smith's negligence. *See* Iowa Code §§ 328.41 & 328.1(14) (1985). Defendants, however, contested plaintiff's claim that the negligence of Smith caused personal injury and damage to plaintiff.

After trial, the jury returned a verdict in favor of defendants finding that any fault of defendants was not a proximate cause of plaintiff's alleged injuries. Plaintiff filed a motion for new trial, Iowa R.Civ.P. 244, alleging errors in the jury instructions and that the jury verdict was unsupported by

the evidence. The district court overruled the motion.

Plaintiff appealed on several grounds. First, plaintiff contends that the district court erred when it failed to instruct that Smith was negligent as a matter of law, and, also when it failed to instruct regarding plaintiff's lost future earning capacity. Second, plaintiff asserts that the jury verdict is not supported by the evidence. Finally, plaintiff claims the trial court erred in overruling her motion for a new trial.

We transferred the case to the court of appeals. That court ruled that plaintiff was entitled to a new trial because her substantial rights were prejudiced by an erroneous jury instruction. Smith applied for further review of that decision; we granted his application. Petrone, however, did not seek further review of the court of appeals decision and therefore is not presently a party to this appeal. Thus, our holding vacates the court of appeals decision only insofar as it applies to Smith.

Additional facts will be stated as the issues are considered.

II. *Jury Instructions.*

■ A. *Instruction no. 18.* The trial court gave the following instruction to the jury:

The plaintiff, Barbara Gore, claims the defendants, John F. Smith and William R. Petrone, were at fault because of defendant Smith's operation of Petrone's aircraft constituting negligence for which each is responsible.

Fault is explained to you in other instructions.

The plaintiff, Barbara Gore, must prove both of the following propositions:

1. The defendants' negligence was a proximate cause of the plaintiff Barbara Gore's damage.

2. The amount of damage.

If the plaintiff, Barbara Gore, has failed to prove either of these propositions, the plaintiff is not entitled to damages. If the plaintiff, Barbara Gore, has proven both of the propositions, the plaintiff is entitled to damages in some amount.

Plaintiff objected to this instruction, contending it was error not to state that Smith was negligent and at fault as a matter of law. Plaintiff contends that by not including this statement in instruction no. 18, and by including the statement that plaintiff claims defendants were at fault, the jury was confused or misled on the issue of defendants' negligence.

We do not think instruction no. 18 confused the jury or misled it into believing that Smith's negligence was an issue that they were asked to decide. While it is true that instruction no. 18 does not explicitly reiterate that Smith was negligent, the numbered propositions in the third paragraph of the instruction cured any uncertainty regarding whether the jury was being asked to decide that question. Subsequent to the language in the first paragraph that plaintiff suggests caused confusion, the instruction states that plaintiff must prove: (1) that defendants' negligence was a proximate cause of plaintiff's damage, and, (2) the amount of the damage. The instruction does not charge the jury with determining whether Smith was negligent. On the contrary, we believe it is implicit in the numbered propositions in the third paragraph that defendants' negligence has already been established. The instruction asks the jury only to determine if defendants' negligence was a proximate cause of plaintiff's damage.

Furthermore, even if instruction no. 18 was not clear standing alone, we believe that the instructions, viewed together, properly instructed the jury that Smith was negligent and that the jury need not consider the issue of his negligence. *See Leaders v. Dreher,* 169 N.W.2d 570, 577 (Iowa 1969) (instructions must be considered together and related to each other). During trial plaintiff introduced into evidence Smith's admission during discovery that he was negligent. *See* Iowa R.Civ.P. 127 (requests for admission). The trial court instructed the jury twice (instructions 4 & 11) that matters admitted in response to requests for admissions are conclusively established. Thus, the jury was twice instructed that Smith's negligence was conclusively

proved. Instructions 4 and 11, combined with the fact that the jury was never instructed to determine whether Smith was negligent, establish that the instructions were not confusing or misleading to the jury on the issue of Smith's negligence. Viewing the instructions as a whole, the jury was properly instructed.

Finally, even if we had found that the instructions given by the court were erroneous, we need not remand for a new trial. Error in giving or refusing to give an instruction does not require reversal unless the error is prejudicial. *Stover v. Lakeland Square Owners Ass'n*, 434 N.W.2d 866, 868 (Iowa 1989). The jury's negative response to the first special verdict question, asking: "Was the fault of the defendants a proximate cause of damage to the plaintiff?", establishes that plaintiff suffered no prejudice. Plaintiff suffered no prejudice because any misconceptions about whether defendants were negligent could not have affected the verdict.

The special verdict language assumed defendants were at fault. The jury's answer to the special verdict was a determination that defendants' actions were not a proximate cause of plaintiff's damages. This eliminated any possibility that defendants were liable for the injuries to plaintiff. Proximate cause had to be established before liability existed. Because plaintiff failed to establish proximate cause, there can be no liability regardless of whether the jury believed that defendants were negligent or not negligent. *Compare with Machmer v. Fuqua*, 231 N.W.2d 606, 608 (Iowa 1975) (prejudice presumed where no interrogatory was submitted to the jury to establish that the verdict was based on proximate cause).

B. *Instruction no. 21.* Plaintiff objected to instruction no. 21 because it did not include, as an element of damages, plaintiff's future lost earning capacity. We need not, however, address plaintiff's objection to instruction no. 21 because there is no possibility that prejudice resulted from the court's refusal to so instruct. The jury determined that defendants' ac-

tions were not the proximate cause of plaintiff's injuries. Therefore, the jury did not go on to consider the issue of damages. Because plaintiff failed to establish liability by defendants, any alleged error in the damage instruction could not have prejudiced plaintiff.

III. *Evidence supporting the verdict.* Plaintiff next contends that the jury verdict was not supported by the evidence. In evaluating whether the verdict is supported by the evidence, we must view the evidence in the light most favorable to the prevailing party. *Burton v. Theobold*, 216 N.W.2d 299, 300 (Iowa 1974). The findings of fact are binding upon us if they are supported by substantial evidence. Iowa R.App.P. 14(f)(1).

The district court, in its ruling on plaintiff's motion for a new trial, stated that substantial evidence existed to support the jury's determination that Smith's actions were not the cause of plaintiff's alleged injuries. The court noted that the following evidence supported the verdict: the trauma to the vintage plane and its occupants was minimal; plaintiff made no complaint of any injuries after the accident and had indicated that she felt fine; the accident resulted in no scars or bruises to plaintiff's body; the other occupant (pilot) was not injured; the plane sustained little damage; plaintiff returned to work the next week and did not see a physician for several days; a document was contrived between defendant Petrone and plaintiff to enhance her chances to recover; and plaintiff jogged and hiked without discomfort after the plane accident. We agree with the district court that the jury verdict in Smith's favor is supported by substantial evidence.

IV. *Motion for new trial.* Following the jury verdict, plaintiff filed a motion for new trial alleging that the verdict does not effectuate substantial justice. In ruling upon motions for new trial, the trial court has a broad but not unlimited discretion in determining whether the verdict does substantial justice between the parties. Iowa R.App.P. 14(f)(3); *Cowan v. Flannery*, 461

N.W.2d 155, 157 (Iowa 1990). We think the trial court correctly overruled plaintiff's motion for new trial. We agree that the verdict effectuates substantial justice.

V. *Disposition.* Petrone did not file an application for further review, and we do not decide whether Petrone can be liable to plaintiff when, under our opinion, Smith is not liable to plaintiff.

The decision of the court of appeals is vacated as it applies to Smith; the district court judgment is affirmed as to Smith; and the remainder of the case (plaintiff's suit against Petrone) is remanded to the district court as provided by the court of appeals decision.

Costs on appeal are taxed to plaintiff.

DECISION OF COURT OF APPEALS VACATED IN PART; JUDGMENT OF DISTRICT COURT AFFIRMED IN PART; CASE REMANDED.