Helen LADEBURG, Appellant,

v.

Ronald Thomas RAY; Rayloc, A Division of Genuine Parts; and Genuine Parts Company, Appellees.

No. 92–1301.

Supreme Court of Iowa.

Nov. 24, 1993.

Gary J. Boveia of the Boveia Law Office, Waverly, for appellant.

Samuel C. Anderson of Swisher & Cohrt, Waterloo, for appellees.

Considered by HARRIS, P.J., and CARTER, LAVORATO, SNELL, and TERNUS, JJ.

TERNUS, Justice.

Plaintiff, Helen Ladeburg, was struck by a semitrailer driven by defendant Ronald Thomas Ray and owned by defendants Rayloc, a division of Genuine Parts Company, and Genuine Parts Company. Plaintiff filed this negligence action which ultimately resulted in a jury verdict for the defendants.

Plaintiff argues that the district court erred when it (1) allowed defendants to use computer-generated evidence which had not been timely disclosed, (2) submitted instructions on plaintiff's comparative fault in failing to maintain a proper lookout, and (3) refused to grant a new trial on the basis that the court incorrectly submitted the issue of defendants' fault to the jury. We affirm.

I. *Computer–Generated Diagrams.*

Plaintiff filed her petition at law and request for jury trial in February 1991. Although the court administrator had set deadlines for discovery and designation of experts, the parties informally agreed to extend the deadlines for their own convenience. As a consequence, plaintiff did not learn that the defendants' expert intended to use computer-generated diagrams of the accident scene until she took the expert's deposition five days prior to trial on May 1, 1992. Plaintiff then filed a motion in limine requesting that the court exclude the computer-generated diagrams because the defendants had given plaintiff insufficient notice of their intent to use such evidence. The district court denied plaintiff's motion.

■ Trial began on May 6, 1992. During the trial plaintiff objected to defendants' use of the diagrams. The district court overruled this objection and the computer-generated documents were admitted into evidence. Plaintiff argues that the district court should have excluded the diagrams. We review for an abuse of discretion. *Preferred Mktg. Assocs. Co. v. Hawkeye Nat'l Life Ins. Co.,* 452 N.W.2d 389, 393 (Iowa 1990); *White v. Citizens Nat'l Bank,* 262 N.W.2d 812, 816 (Iowa 1978).

■ The evidence to which plaintiff objects consists of diagrams of the accident scene produced by defendants' expert, an engineer. These diagrams were drawn by a computer. The expert testified that he used the computer as a drafting tool. The computer did not determine where the lines, geometric patterns, and letters should be placed on the drawings. Rather, the expert made those calculations and decisions, entered that data into the computer, and the computer "drew" the diagrams.

Plaintiff contends that the use of the diagrams should have been prohibited for two reasons. First, plaintiff argues defendants did not comply with the discovery requirements of Iowa Rule of Civil Procedure 125(c) requiring disclosure of expert information at least thirty days before trial.

Secondly, plaintiff contends a party should be required to give advance notice of an intent to use computer-generated documents. She claims jurors are unduly persuaded by computer-generated evidence. Advance notice would give the opposing party an adequate opportunity to rebut or impeach such evidence. Plaintiff argues that in the absence of advance notice, the prejudicial effect of one party's use of computer evidence out-

weighs its probative value. Plaintiff asserts that such evidence is inadmissible under these circumstances. *See* Iowa R.Evid. 403. *See generally* Randolph A. Bain and Cynthia King, *Guidelines for the Admissibility of Evidence Generated by Computer for Purposes of Litigation,* 15 U.C.Davis L.Rev. 951, 961–62 (1982).

Turning first to plaintiff's complaint based on rule 125, we note that defendants did not reveal their expert and produce the diagrams within the time constraints of rule 125 or in accordance with the deadlines set by the court administrator. However, the record is clear that the parties informally agreed to proceed with discovery beyond the deadlines imposed by the rules and the scheduling order. Plaintiff cannot now complain that defendants' late disclosure of the computer-drawn diagrams violated rule 125(c). *Cf. Marine Am. State Bank v. Lincoln,* 433 N.W.2d 709, 713 (Iowa 1988) (defendants could not seek sanctions under Iowa Rule of Civil Procedure 134(b) where they filed neither a motion to compel nor a motion for sanctions prior to the late production of documents); *Provenzano v. Wetrich, McKeown & Haas, P.C.,* 481 N.W.2d 536, 540 (Iowa App. 1991) (plaintiff waived right to object to late designation of one of defendants' experts because of parties' agreement to designate an additional expert beyond the time limitations imposed by Iowa Code section 668.11 (1989)).

■ Nor do we believe that the trial court abused its discretion in concluding that the admission of these diagrams did not unfairly prejudice the plaintiff. The diagrams were merely mechanical drawings made by a computer and the expert who prepared them was available for cross-examination. Under these circumstances, the trial court was well within its discretion in admitting the drawings into evidence. *Cf. Perma Research & Dev. v. Singer Co.,* 542 F.2d 111, 115 (2d Cir.), *cert. denied,* 429 U.S. 987, 97 S.Ct. 507, 50 L.Ed.2d 598 (1976) (not abuse of discretion to admit expert testimony concerning results of computer simulation).

II. *Instructions on Plaintiff's Comparative Fault.*

■ Plaintiff argues that the trial court erred in submitting instructions on her comparative fault to the jury. Error in giving an instruction does not require reversal unless the error is prejudicial. *Gore v. Smith,* 464 N.W.2d 865, 868 (Iowa 1991). In *Gore,* we held that any alleged error in a damage instruction could not have prejudiced the plaintiff because the plaintiff had failed to establish the liability of the defendants. *Id.*

■ Likewise, in the present case, plaintiff could not have been prejudiced by the instructions on her comparative fault. This case was submitted to the jury on special interrogatories. The jury found that defendants were not at fault in response to the first question on the verdict form. Consequently, the jury did not answer the interrogatories concerning plaintiff's fault. Therefore, because there could be no prejudice to plaintiff, we need not address her objection to the submission of instructions on her comparative fault.

III. *Motion for New Trial.*

Plaintiff asserts that the trial court erred in failing to grant her motion for a new trial. She claims that the facts supported a determination that the defendants were at fault as a matter of law. Because the jury answered a special interrogatory finding that the defendants were not at fault, plaintiff reasons that the jury verdict failed to administer substantial justice.

■ Our standard of review of a denial of a motion for new trial depends upon the grounds for new trial asserted in the motion and ruled upon by the court. *Julian v. City of Cedar Rapids,* 271 N.W.2d 707, 708–09 (Iowa 1978). If the motion and ruling are based on a discretionary ground, the trial court's decision is reviewed on appeal for an abuse of discretion. *E.g., Mays v. C. Mac Chambers Co.,* 490 N.W.2d 800, 803 (Iowa 1992) (motion for new trial based on Iowa Rule of Civil Procedure 244(b), attorney misconduct); *Shepherd Components, Inc. v. Brice Petrides–Donohue & Assocs., Inc.,* 473 N.W.2d 612, 618 (Iowa 1991) (motion for new trial based on rule 244(f), sufficiency of the evidence). However, if the motion for new trial and ruling are based on a claim that the

trial court erred on an issue of law, then the trial court's decision stands or falls on the correctness of its ruling on the legal question. *Julian,* 271 N.W.2d at 709 (motion for new trial based on rule 244(h), error in instructions).

◼ In the present case, plaintiff asserted in her motion for new trial that "the Court should have properly instructed the jury that the Defendant was negligent as a matter of law." Plaintiff's counsel acknowledged at oral argument that plaintiff's motion for new trial was based on rule 244(h) which permits the court to grant a new trial if there is an error of law in the proceedings. Thus, this case comes within the rule that the trial court's refusal to grant a new trial is not a matter of discretion and will be reviewed by the appellate court for the correctness of the trial court's decision on the legal question.

Before we consider whether the court erred in failing to instruct the jury that the defendants were negligent as a matter of law, we must determine whether this alleged error was properly preserved for review. We have previously held that objections first raised in a motion for new trial will not be considered on appeal because such objections must be made before jury arguments. *Julian,* 271 N.W.2d at 709; *Dutcher v. Lewis,* 221 N.W.2d 755, 758–59 (Iowa 1974); Iowa R.Civ.P. 196.

Here the plaintiff did not object to the court's instructions and the verdict forms submitting the question of the defendants' negligence to the jury. Not until plaintiff filed her motion for new trial did she claim that the court should have instructed the jury that the defendants were negligent as a matter of law. We hold error, if any, in the court's instructions was waived.

IV. *Summary.*

In summary, we hold that the trial court did not abuse its discretion in admitting the computer drawings of defendants' expert into evidence. Second, any error in the court's instructions on plaintiff's comparative fault did not prejudice the plaintiff. Third, the

trial court did not err in denying plaintiff's motion for new trial.

**AFFIRMED.**