**ROSENBERGER ENTERPRISES, INC., Plaintiff–Appellee/Cross–Appellant,**

v.

**INSURANCE SERVICE CORPORATION OF IOWA and Mike O'Deen, Defendants–Appellants/Cross–Appellees,**

v.

**John ENGLAND, International Business Consultants, Ltd., and Savoy Reinsurance Company, Ltd., Third–Party Defendants.**

No. 94–0743.

Court of Appeals of Iowa.

Oct. 31, 1995.

Chris J. Scheldrup, Mark J. Herzberger, Stan M. Herkelman, and Elizabeth A. Sparks of Moyer & Bergman, Cedar Rapids, for appellants.

G. Mark Rice and Chip Lowe of Adams & Howe, P.C., Des Moines, for appellee.

Heard by HAYDEN, P.J., and HABHAB and HUITINK, JJ., but decided by HABHAB, P.J., and CADY and HUITINK, JJ.

HUITINK, Judge.

Mike O'Deen appeals a judgment awarding Rosenberger Enterprises damages for negligent placement of Rosenberger's truckers' liability insurance coverage with Savoy Reinsurance Company, Ltd. We reverse.

Rosenberger Enterprises, Inc. is a trucking company located in Indianola, Iowa. Mike O'Deen is an insurance agent associated as an independent contractor with a Cedar Rapids agency, Insurance Service Corporation of Iowa ("ISCI"). To do business in interstate commerce, trucking firms must maintain public liability insurance of not less than $750,000 per accident. In 1988 Rosenberger purchased its liability insurance through O'Deen from Savoy Reinsurance Company, an offshore surplus lines carrier not admitted as a carrier in the state of Iowa. Savoy's premiums were low in relation to other insurers and cost Rosenberger about $90,000, resulting in a $9,000 commission for O'Deen. Coverage was renewed in 1989.

In 1988 and 1989, Rosenberger was involved in five accidents throughout the United States. Substantial claims were made by the motorists involved in these accidents against Rosenberger and its drivers. Beginning in June 1989, it was evident that Savoy was failing to provide coverage. Rosenberger and O'Deen later learned that Savoy was not paying the attorneys hired to defend Rosenberger and that Savoy was having similar problems in California, Illinois, and Michigan. In late fall it became evident that Savoy had ceased operation and disappeared without notice or explanation.

Rosenberger obtained a default judgment against Savoy and then sued O'Deen for negligently placing its truckers' liability coverage with Savoy. Rosenberger alleged that O'Deen had represented Savoy as being approved to do business in Iowa when, in fact, it was not. Rosenberger also alleged O'Deen deceived the company with regard to his expertise in the area of truckers' liability insurance, his knowledge of surplus lines, and his contacts about the necessary surplus lines affidavit. O'Deen filed a third-party claim against John England (a Savoy representative), International Business Consultants, and Savoy for contribution.

Prior to trial, O'Deen filed a motion in limine which, among other things, requested that no reference to error and omissions insurance coverage be presented to the jury. Although Rosenberger's counsel agreed not to refer to insurance coverage, he used an overhead projector to show to the jury notes prepared by a Rosenberger employee which made reference to error and omissions coverage. This document, admitted as Exhibit 25, was later redacted by the court. Throughout the course of the trial, Rosenberger's counsel also made several impassioned arguments to the jury suggesting they consider O'Deen's ability to pay damages relative to Savoy.

Following trial, Rosenberger's claims for misrepresentation and punitive damages were dismissed. The jury found for Rosenberger on the negligence claim, assigned ninety-five percent of the fault to O'Deen and five percent to Savoy, awarding damages in the amount of $467,000.

On February 28, 1994, O'Deen filed a motion for a mistrial due to attorney misconduct during closing argument. O'Deen also filed a motion for a new trial or, in the alternative, motion for judgment notwithstanding the verdict and motion for remittitur. The district court remitted the attorney fees portion of the damage award and decreased the judgment by the portion of fault assigned to Savoy. Judgment was entered for Rosenberger in the amount of $387,315 plus interest from the date of the filing of the petition. O'Deen appeals, and Rosenberger cross-appeals.

Our review is for correction of errors of law. Iowa R.App.P. 4. When reviewing the denial of a motion for a new trial, we look to the grounds for the new trial asserted in the motion and ruled on by the court. *Ladeburg v. Ray*, 508 N.W.2d 694, 696 (Iowa 1993). If the motion and ruling are based on a discretionary ground, such as attorney misconduct, we review for an abuse of discretion. *Id.* In order to show an abuse

of discretion, one generally must show that the court exercised its discretion on grounds or for reasons clearly untenable or to an extent clearly unreasonable. *State v. Blackwell*, 238 N.W.2d 131, 138 (Iowa 1976).

O'Deen argues that the district court erred in denying his motion for a new trial based on the alleged improper and prejudicial arguments and actions of Rosenberger's counsel. He asserts that the jury's allocation of fault was unfairly distorted by Rosenberger's counsel's references to the parties' relative ability to pay damages and by the introduction of evidence referencing errors and omissions insurance coverage. He also contends the jury's damages are not supported by substantial evidence.

 As a preliminary matter we must determine whether O'Deen successfully preserved error as to his opposing counsel's conduct during closing argument. Generally, a timely objection or motion for a mistrial will serve to preserve an issue for appeal. *See State v. Smith*, 228 N.W.2d 111, 112 (Iowa 1975). Where the alleged impropriety involves the conduct or remarks of counsel during closing argument, a motion for mistrial is considered timely if made prior to the submission of the case to the jury, when closing arguments are reported, certified, and made part of the record. *State v. Nelson*, 234 N.W.2d 368, 371 (Iowa 1975).

 Here, O'Deen did not object to his opposing counsel's closing argument at the time the alleged improper statements were made. He, however, attempted to preserve error by making a motion for a mistrial based on these statements after closing arguments were completed. Although O'Deen did not make this motion until after the case had been submitted to the jury, we find that he delayed his motion at the request of the court. After submitting the case to the jury the court noted for the record that "[d]uring final argument Defendants' counsel requested an opportunity to make a motion. Since the entire final argument is reported, any motions you're going to make, you file, and have a copy of whatever you're objecting attached to them. We'll give him a chance to respond." O'Deen's counsel in turn noted for the record that he intended to move for a

mistrial on the basis of statements made by Rosenberger's counsel during closing argument. He followed with a formal written motion alleging Rosenberger's counsel made improper reference to the inability of one party to pay a judgment. Based on these actions, we find O'Deen properly preserved error and will consider his argument on appeal.

 A new trial is required for improper conduct by counsel if it appears that prejudice resulted or a different result would have been probable but for any misconduct. *Tratchel v. Essex Group, Inc.*, 452 N.W.2d 171, 178 (Iowa 1990). Trial courts have considerable discretion in determining whether any alleged misconduct was prejudicial. *McGough v. Gabus*, 526 N.W.2d 328, 333 (Iowa 1995). Upon our review of the record we find that Rosenberger's counsel's actions were prejudicial in nature and that a different result was probable but for these actions.

We look first to Rosenberger's counsel's closing argument on the issue of comparative fault. O'Deen contends that during trial Rosenberger's counsel improperly suggested fault should not be allocated to Savoy because, in contrast to O'Deen who had errors and omissions insurance coverage, Savoy had no ability to pay damages and to do so would "siphon off" damages recovered by Rosenberger. O'Deen contends these references are tantamount to discussion of the relative wealth of the parties and that counsel's argument was improper and prejudicial. When determining liability it is improper for the jury to consider the relative wealth of the parties. *Burke v. Reiter*, 241 Iowa 807, 42 N.W.2d 907, 912 (1950). Such consideration may improperly influence jurors and in turn result in the necessity of a new trial. *See id.* (new trial granted where plaintiffs' counsel made consistent reference to relative wealth of parties).

Upon our review of the record we agree with O'Deen that Rosenberger's counsel made improper reference to the financial status of the parties. Although he never directly encouraged the jury to determine liability based on the parties' ability to pay damages, his message in this regard was clear. In his

closing argument, Rosenberger's attorney made several references suggesting the jury should not assess liability against Savoy and its representatives irrespective of their actual fault because to do so would reduce damages that Rosenberger could recover from O'Deen. He stated:

The next question is: Well, what about John England? Were John England/International Business Consultants/Savoy Reinsurance Company, Ltd., at fault? Yes, no. If you answer this one 'yes' ... if you say 'yes' to causation, then we're on the road to siphoning off my damages against Mr. O'Deen.... And I'm asking you to put 'no' not because with respect to Savoy, I'm on their side, but because it siphons away my damages in this case.

We conclude that this statement, along with others like it, improperly suggests O'Deen should be found one hundred percent liable on the basis of his ability to pay rather than his actual fault. We find this message to be recurrent throughout the course of the trial in that it permeated witness examinations as well as opening and closing statements. While it may have been Rosenberger's counsel's intention to subtly convince the jury to assign one hundred percent liability to O'Deen, his argument was not subtle enough to escape prejudice. We find it likely counsel's conduct precluded the jury from properly assigning fault as required by law, resulting in a verdict that may have been a reflection only of the parties' ability to pay a judgment. We determine Rosenberger's counsel's conduct was prejudicial and that but for this conduct a different finding as to liability would have been probable.

We also find Rosenberger's counsel's melodramatic antics throughout final arguments may have further prejudiced the jury. In his closing argument, counsel attempted to play to the passions of the jury through religious imagery and interjection of his personal opinion as to the merits of the case. Counsel has no right to create evidence by his or her arguments, nor may counsel interject personal beliefs into argument. *State v. Phillips*, 226 N.W.2d 16, 19 (Iowa 1975). This is true whether the personal belief is purportedly based on knowl-

edge of facts not possessed by the jury, counsel's experience in similar cases, or any ground other than the weight of the evidence in the trial. *State v. Williams*, 334 N.W.2d 742, 744 (Iowa 1983).

Counsel's inappropriate conduct is exemplified by the following:

Counsel has tried to make a point that some companies go bankrupt. I guess there were 45 companies that went bankrupt and I looked at the list, I don't know any of them. I'm supposed to be a lawyer. I never heard of any of them. I heard about the one—I've been in this state five years—I heard about the one here in Cedar Rapids, Iowa National. I heard about that through some hook and crook means ...

These people are in here and they make these claims back against us about fault for one reason and one reason only. I'm here to tell you that Mike O'Deen is not 1% at fault. He's not 5% at fault. He's not 50% at fault. He's 100%. One whole big banana. Absolutely and unequivocally and the most truthful way that I can ever say anything, as God is my judge ...

But there is one thing that my dad did and there is one rule that I have, I had to pony up to my dad. If I did something wrong, I had to come and answer for it. And I couldn't skate by by pointing here or here or here or here or here, and skate by complaining that somehow I haven't done anything. I had to tow the mark. And you're my dad in this case and God is my judge. These people deserve the $500,000 I've asked for, and the 100% against the man right here and his company ...

These are instances where we believe counsel crossed the line between using the evidence to persuade the jury and impermissively asserting his personal opinion. We further find that counsel inappropriately attempted to influence the jury by references to his personal religious belief in God and the death of his father. Such melodramatic argument does not help the jury decide their case but instead taints their perception to one focused on emotion rather than law and fact.

When viewed in its entirety, we conclude the cumulative effect of Rosenberger's counsel's closing argument was an impassioned and inflammatory speech that likely caused severe prejudice to the defendant. This, along with the jury's exposure to the errors and omissions insurance coverage in Exhibit 25 leaves the integrity of the jury's verdict in doubt. We find the district court abused its discretion when it failed to grant defendant's motion for a new trial.

O'Deen further asserts the damages awarded were not supported by substantial evidence. Our decision to remand this case for a new trial eliminates the need to consider this or those damage related issues Rosenberger raises on cross appeal. *See Hutchinson v. Maiwurm*, 162 N.W.2d 408, 415 (Iowa 1968) (discussion of damage award not necessary where case was remanded on other grounds). This disposition does not, however, preclude review of the district court's refusal to submit Rosenberger's intentional misrepresentation and punitive damage claims to the jury.

 A directed verdict is appropriate in cases where each element of the claim is not supported by substantial evidence. *Oberreuter v. Orion Indus., Inc.*, 398 N.W.2d 206, 209 (Iowa App.1986). A court ruling on a motion for directed verdict must view the evidence in the light most favorable to the nonmoving party. *Beitz v. Horak*, 271 N.W.2d 755, 757 (Iowa 1978); Iowa R.App.P. 14(f)(2). Movant is considered to have admitted the truth of all evidence offered by nonmovant and every favorable inference that may be deduced from it. *B & B Asphalt Co. v. T.S. McShane Co.*, 242 N.W.2d 279, 284 (Iowa 1976). To overrule the motion, the court must find substantial evidence in support of each element of nonmovant's claim. *Beitz*, 271 N.W.2d at 757. If reasonable minds could differ, an issue is for the jury. *Harvey v. Palmer College of Chiropractic*, 363 N.W.2d 443, 444 (Iowa App.1984). The trial court is vested with considerable discretion in determining whether evidence is sufficient. *Hoover's Hatchery, Inc. v. Utgaard*, 447 N.W.2d 684, 687 (Iowa App.1989).

 To recover on an intentional misrepresentation theory, a party must show (1) representation; (2) falsity; (3) materiality; (4) scienter; (5) intent to deceive; (6) reliance; and (7) resulting injury and damage. *Garren v. First Realty, Ltd.*, 481 N.W.2d 335, 338 (Iowa 1992). Similarly, an award for punitive damages is appropriate only when a party's conduct constitutes a willful and wanton disregard of the rights or safety of another. Iowa Code Section 668A.1 (1993). In short, the test is one for actual or legal malice. *Seraji v. Perket*, 452 N.W.2d 399, 401 (Iowa 1990). We agree with the district court's finding that Rosenberger's evidence was not sufficient to generate a jury question on these issues. Although there is evidence suggesting O'Deen could have been more careful in his investigation of Savoy, we find no evidence from which the jury could infer that Rosenberger intentionally or recklessly placed Rosenberger's policy with a financially irresponsible insurer. A reasonable jury could not find otherwise. The district court correctly directed a verdict on Rosenberger's intentional misrepresentation claim and also correctly disposed of Rosenberger's claim for punitive damages. We affirm the district court on these issues.

We have carefully considered the arguments raised by both parties on appeal and find them to be either covered by this opinion or without merit. The decision of the district court is reversed in part, affirmed in part and remanded for a new trial as to liability and damages.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED FOR NEW TRIAL.**

HAYDEN, P.J., takes no part.