# IN THE COURT OF APPEALS OF IOWA

No. 14-0775
Filed April 8, 2015

**STATE OF IOWA,**
Plaintiff-Appellee,

**vs.**

**DARRYL CURTIS WALTON,**
Defendant-Appellant.

_____

Appeal from the Iowa District Court for Clinton County, Joel W. Barrows, Judge.

A defendant appeals his conviction of possession with intent to deliver marijuana and violating Iowa's drug tax stamp law. **AFFIRMED.**

Courtney T. Wilson of Gomez & May, L.L.P., Davenport, for appellant.

Thomas J. Miller, Attorney General, Tyler J. Buller, Assistant Attorney General, Mike Wolf, County Attorney, and Amanda M. Myers, Assistant County Attorney, for appellee.

Considered by Vaitheswaran, P.J., and Tabor and Mullins, JJ.

**MULLINS, J.**

Curtis Walton appeals his convictions for possession with intent to deliver marijuana and violating Iowa's drug tax stamp law. Walton asserts the district court abused its discretion in denying his motion for mistrial made after the State published to the jury a booking sheet that identified the severity of the crime as a felony. He contends insufficient evidence exists to support his possession of marijuana at his residence, intent to deliver marijuana on his person, and drug tax stamp law violations. Finally, he asserts the district court abused its discretion in denying his motion for new trial based on newly discovered evidence. We affirm the rulings of the district court.

## I. Background Facts & Proceedings

On the afternoon of December 13, 2013, Corporal Galusha of the Clinton Police Department was dispatched to the residence shared by Curtis Walton and Gwendolyn Brown. Brown led Galusha into the apartment's bedroom, opened a dresser drawer, and pulled out a large baggie she suspected contained marijuana. Brown subsequently consented to a search of the bedroom, which produced four empty plastic baggies and a piece of paper containing phone numbers.

The large baggie contained two smaller sandwich bags each containing twenty individually packaged bindles[1] of a green leafy substance. All forty baggies were cut, tied, and packaged in the same manner. Brown told officers

---

[1] "Bindle" is a slang term for a folded paper which contains illegal drugs. *Definition of Bindle*, The Online Slang Dictionary, http://onlineslangdictionary.com/meaning-definition-of-bindle (last edited October 14, 2011).

their contents belonged to Walton, her boyfriend, who had just left the residence. Sergeant Wehde affected a traffic stop and apprehended Walton soon thereafter.

Wehde arrested Walton, and a subsequent search of his vehicle revealed two cellular phones. At the jail, Walton surrendered $493.20 in cash he had been carrying. The cash was comprised of thirteen $20 dollar bills, fourteen $10 dollar bills, seventeen $5 dollar bills, eight $1 dollar bills, and two dimes. A strip search revealed Walton was carrying eight similarly packaged bindles of a green leafy substance in a larger baggie in his boxers. He told deputies he "bought weed from a friend."

The evidence was subsequently sent to the Division of Criminal Investigation Criminalistics Laboratory. Technicians confirmed the green leafy substance in packages from the residence and the packages seized from Walton at the jail was marijuana. The total net weight of the marijuana seized from Walton's residence and person was 53.11 grams and 10.79 grams, respectively. Technicians lifted two fingerprints from the baggies found in the dresser; neither belonged to Walton but one belonged to Brown. Detective Adney searched Walton's phones and found nothing of evidentiary value.

Walton was charged with possession with intent to deliver marijuana, in violation of Iowa Code section 124.401(1) (2013), and failing to affix a drug stamp, in violation of Iowa Code sections 453B.3 and 453B.12. Walton pled not guilty and proceeded to trial, where the classification of Walton's charge as a felony was briefly projected on an overhead; the court denied his resultant motion for mistrial.

Walton was convicted of both offenses on March 12, 2014, and he filed a motion for new trial on April 30, 2014. His motion was supported by the affidavit of Brown, who asserted her cousin, Erick Dalton, phoned her on or about March 18, 2014, and confessed to owning the marijuana at her property. The court denied Walton's motion, and he now appeals.

## II.    Motion for Mistrial

We do not set aside a trial court's denial of a motion for mistrial except upon a clear showing of abuse of discretion. *State v. Staker*, 220 N.W.2d 613, 617 (Iowa 1974). "We . . . allow trial courts broad discretion in determining whether to grant a mistrial. Such discretion is a recognition of the trial court's better position to appraise the situation in the context of the full trial." *Fry v. Blauvelt*, 818 N.W.2d 123, 132 (Iowa 2012) (citation omitted).

The bar for finding such an abuse of discretion is high. The facts must "present an 'extreme instance' in which 'manifest' prejudice provides sufficient grounds for a new trial." *Id.* (citation omitted). "Evidence is unfairly prejudicial if it appeals to the jury's sympathies, arouses its sense of horror, provokes its instinct to punish, or triggers other mainsprings of human action that may cause the jury to base its decision on something other than the established propositions in the case." *State v. White*, 668 N.W.2d 850, 854 (Iowa 2003).

The facts of this case do not satisfy that bar. Walton asserts prejudice occurred when the State projected Walton's booking sheet during trial; the sheet indicated the classification of Walton's charge was a felony. He argues this publication made the jury more likely to convict him for thinking felons are bad

people, commit bad acts, and should be punished. The prosecutor asserts the booking sheet was displayed for less than five minutes, he is "not entirely sure that [the 'severity' line] was even published to the jury," and Walton's denial of a curative instruction is an implicit concession the jurors did not see the severity line.

In *State v. Wade*, the judge who presided over defendant's previous trial testified the defendant was sentenced to ten years imprisonment for conviction of possession of cocaine with intent to deliver. 467 N.W.2d 283, 285 (Iowa 1991). The Iowa Supreme Court, in finding the trial court did not abuse its discretion in denying the motion for mistrial, held that "[i]t should come as no great surprise to a jury that a person convicted of possession of cocaine with intent to deliver would be sentenced to prison." *Id.*

Because the result of the former judge's testimony on the jury in *Wade* is likely more prejudicial than the effect of the booking sheet here, we do not find the court's denial to be so "palpably and grossly violative of fact and logic" as to warrant an abuse of discretion. *State v. Brewer*, 247 N.W.2d 205, 211 (Iowa 1976). Our holding is bolstered by the fact that, as the trial court pointed out, the jury was aware Walton was charged with a "more serious" offense than "simple possession," and thus, their discovery that Walton's charges were classified as a felony was not so shocking to warrant "manifest prejudice."

## III.    Sufficiency of Evidence

Sufficiency of evidence claims are reviewed for a correction of errors at law. *State v. Sanford*, 814 N.W.2d 611, 615 (Iowa 2012) (citation omitted). Upon

review, we consider all record evidence viewed "in the light most favorable to the State, including all reasonable inferences that may be fairly drawn from the evidence." *State v. Keopasaeuth*, 645 N.W.2d 637, 640 (Iowa 2002) (citation omitted). The verdict should be upheld if "substantial record evidence supports it." *State v. Nitcher*, 720 N.W.2d 547, 556 (Iowa 2006) (citation omitted). "Substantial evidence means such evidence as could convince a rational trier of fact that the defendant is guilty of the crime charged beyond a reasonable doubt." *State v. LeGear*, 346 N.W.2d 21, 23 (Iowa 1984) (citation omitted).

Whether Walton's conviction of possession of marijuana is supported by substantial evidence necessarily depends upon possession. Possession can be either actual, which occurs when contraband is found on a person, or constructive, which occurs when the "defendant had knowledge of the controlled substance as well as the authority or right to control it." *See State v. Kern*, 831 N.W.2d 149, 161 (Iowa 2013).

Walton asserts there is insufficient evidence he exercised dominion and control over the marijuana at his residence, that without that evidence there is insufficient evidence of his tax stamp violation, and there is insufficient evidence of his intent to deliver the marijuana on his person.

A. Evidence of possession of marijuana at residence.

Iowa Code section 124.401(1) makes it unlawful for any person "to manufacture, deliver, or possess with the intent to manufacture or deliver, a controlled substance," except as specifically authorized by statute. As the marijuana seized from the residence was not on Walton's person, he was not in

actual possession of it. *See id.* The State nevertheless asserts Walton constructively possessed this marijuana. Knowledge of a substance's presence and ability to maintain control over it may be inferred in cases of sole ownership, but where—as here—the residence is jointly occupied, the State must demonstrate additional proof, the nature of which includes:

> (1) incriminating statements made by a person; (2) incriminating actions of the person upon the police's discovery of a controlled substance among or near the person's personal belongings; (3) the person's fingerprints on the packages containing the controlled substance; and (4) any other circumstances linking the person to the controlled substance.

*Id.* (citation omitted). "These factors are not exclusive, however, and merely act as a guide." *State v. Thomas*, 847 N.W.2d 438, 443 (Iowa 2014) (citations omitted).

The State asserts sufficient evidence exists that Walton constructively possessed the marijuana in the drawer as only Walton and Brown occupied the residence, it is unlikely Brown possessed the marijuana because she called the police and directed them to it, and the marijuana was packaged in a "consistent if not identical" manner to the marijuana on Walton's person. Walton asserts the drawer from which the marijuana was seized was not his exclusively, as evidenced by the female garments stored within it, and the marijuana packages contained only Brown's fingerprints.

Corporal Galusha testified the marijuana at the residence was packaged by putting the marijuana in the corner of a sandwich bag, cutting it off, and tying the bag in a knot. These "corner baggies," as Detective Adney referred to them, were packaged inside larger bags. Clinton County Deputy Sheriff Watts, who

participated in conducting the strip search at the jail, testified the eight "mini" marijuana bags seized from Walton's person were "twisted and tied up pretty well" and contained within a larger package. This "consistent if not identical" packaging of the marijuana found on Walton's person and in the drawer constituted substantial evidence of a possessive link connecting Walton to both packages. Further, Brown had called the police and brought them to the marijuana, actions by which a reasonable jury could find meant the marijuana was not Brown's, but Walton's. *See, e.g.*, *id.* (finding that while two people other than defendant had access to bedroom, their cooperation with police could lead jury to conclude drugs were defendants).

Finally, we find neither the presence of Brown's fingerprints nor her garments negated the substantial evidence that the marijuana was Walton's. Corporal Galusha testified that Brown led her to the bedroom, "opened a dresser drawer, and pulled out a large baggie." A reasonable jury could find the presence of Brown's fingerprints was explained by these actions. Additionally, Brown and Walton shared a one-bedroom apartment that Detective Adney testified contained both male and female garments, which could diminish the significance of the presence of female clothes in the dresser to a reasonable jury.

We accordingly hold that, "[c]onsidering the totality of the evidence in this case, it is sufficient to raise a fair inference of guilt and generates more than suspicion, speculation, or conjecture." *Id.* at 447 (citation omitted). There was sufficient evidence from which a jury could find beyond a reasonable doubt that Walton constructively possessed the marijuana in the drawer.

B. Evidence of possession of marijuana on his person with the intent to deliver it.

Possession with intent to distribute a controlled substance is established by proof that the defendant knowingly possessed the drug with the intent to deliver it to another. *See* Iowa Code § 124.401(1). Walton asserts there was insufficient evidence he intended to distribute the marijuana on his person because purchasers of marijuana buy more than one individually wrapped bag at a time, he possessed less than the general purchase amount, and nothing incriminating was found on his phones. The State asserts error was not preserved on this issue, but that sufficient evidence did exist as the marijuana on Walton's person was packaged for street level distribution, the quantity exceeded that for personal use, Walton did not have drug paraphernalia to facilitate personal use, and the denominations of cash found on Walton's person suggested distribution. We will assume without deciding error was preserved, and reach the issue.

"Because it is difficult to prove intent by direct evidence, proof of intent usually consists of circumstantial evidence and the inferences that can be drawn from that evidence." *State v. Adams*, 554 N.W.2d 686, 692 (Iowa 1996) (citation omitted). Intent can be inferred from "the amount of the controlled substance . . . [and] the manner of packaging the drugs." *Id.* (citations omitted). In addition, "the presence of a large sum of unexplained cash in connection with other evidence of drug trading is probative of the previous occurrence of drug

transactions," and thus, intent to distribute. *United States v. Brett*, 872 F.2d 1365, 1370 (8th Cir. 1989) (citation omitted).

The facts of this case are similar to *Adams*. The defendant in that case possessed 4.69 grams of crack cocaine—Walton possessed 10.79 grams of marijuana—packaged in a plastic sandwich bag. *Adams*, 554 N.W.2d at 692. He was arrested with $464.00 in cash on his person—Walton possessed $493.20 in small denominations—which, coupled with the cocaine packaging, led police officers to believe the defendant was a drug dealer at the street level. *Id.* The Iowa Supreme Court resolved the discrepancy between the large amount of cash but little cocaine by holding that "[a]lthough one might characterize the quantity of drugs in this case as relatively small, when combined with the cash found on Adams, a trier of fact could reasonably infer Adams had already sold a quantity of drugs, thereby explaining both the small amount of drugs and the large amount of cash." *Id.* The court found substantial evidence to support defendant's possession with intent to deliver cocaine conviction. *Id.*

In addition to large amount of marijuana in Walton's possession when apprehended—which Detective Adney testified was inconsistent with personal use—we find it significant that the marijuana Walton possessed was in the form of eight individually wrapped "corner baggies." Detective Adney testified this packaging was inconsistent with individual use and was consistent with distribution, especially given the fact that no drug paraphernalia was discovered on Walton and the cash he possessed was in the form of small denominations,

consistent with the street sale of "dimes" and "dubs."[2]  We find substantial evidence existed here for a reasonable jury to find Walton possessed the marijuana on his person with the intent to distribute it.

      C. Evidence of Drug Tax Stamp violation.

      "[A] dealer distributing, offering to sell, or possessing taxable substances without affixing the appropriate stamps, labels, or other official indicia is guilty of a class "D" felony."  Iowa Code § 453B.12.  An accused must be in possession of 42.5 grams of marijuana to be convicted of a tax stamp violation.  *Id.* § 453B.1(3)(a)(2).

      Walton only challenges one aspect of his tax stamp violation on appeal, which is that there is insufficient evidence supporting this charge as there is insufficient evidence he possessed the marijuana at his residence.  As we found there was sufficient evidence Walton constructively possessed the marijuana at the residence, we find there is sufficient evidence for his tax stamp conviction as well.

## IV.    Motion for a New Trial

      Our standard of review in this case depends upon the grounds asserted for the new trial and the grounds ruled upon by the court.  *Ladeburg v. Ray*, 508 N.W.2d 694, 696 (Iowa 1993).  As the motion for a new trial and ruling are based on discretionary grounds and not error of law, the trial court's denial of Walton's motion is reviewed for abuse of discretion.  *Id.*  "[B]road discretion is particularly appropriate" in reviewing the trial court's ruling on a motion for new trial when the

---

[2] Dimes are ten dollar amounts of marijuana and dubs are twenty dollar amounts of marijuana.

alleged basis is newly-discovered evidence. *State v. Miles*, 490 N.W.2d 798, 799 (Iowa 1992).

A motion for new trial based on newly-discovered evidence should be granted if "the evidence in question (1) was discovered *after* the verdict, (2) could not have been discovered earlier in the exercise of due diligence, (3) is material to the issues in the case and not merely cumulative, and (4) probably would have changed the result of the trial." *State v. Smith*, 573 N.W.2d 14, 21 (Iowa 1997) (citation omitted); *see also* Iowa R. Civ. P. 1.1004(7).

Walton contends he is entitled to a new trial on the grounds that Erick Dalton, Brown's cousin, admitted six days after the trial that the marijuana in the drawer was his property. No affidavit was produced on Erick Dalton's behalf nor did he testify at the sentencing hearing when Walton's motion was considered. This evidence was presented to the court via Brown's testimony and affidavit.

At the hearing, the trial court questioned the likelihood that the new evidence would change the outcome of the trial and noted that it "seriously questions the credibility of Ms. Brown's testimony." The court denied the motion, however, on the sole ground that an affidavit that alleges newly discovered evidence which merely recites hearsay is insufficient to support a motion for new trial, per *State v. Feddersen*, 230 N.W.2d 510, 516 (Iowa 1975) (finding that since defense counsel's affidavits recited hearsay, they were insufficient to support a new trial motion on ground of newly discovered evidence).

We agree, and as we find no hearsay exception by which Brown's affidavit could withstand the Iowa Supreme Court's ruling in *Feddersen*, we find no abuse of discretion in the trial court's denial of Walton's motion.

## V.  Conclusion

We find the publication of the classification of Walton's charges was not manifestly prejudicial, and the trial court did not abuse its discretion in denying Walton's motion for mistrial on that ground.  We further find sufficient evidence in the record to support all of Walton's convictions.  Finally, we conclude the trial court did not abuse its discretion in denying Walton's motion for a new trial based on newly discovered evidence as the motion was supported only by inadmissible hearsay.  We affirm Walton's convictions.

**AFFIRMED.**