# IN THE COURT OF APPEALS OF IOWA

No. 18-1633
Filed April 29, 2020

GREGORY POLLOW and CINDEE POLLOW,
    Plaintiffs-Appellants,

vs.

ESTATE OF ZELDA STUDEBAKER,
    Defendant-Appellee.
_____

Appeal from the Iowa District Court for Buchanan County, Richard D. Stochl, Judge.

Gregory Pollow appeals the district court's denial of his motion for a new trial. **AFFIRMED.**

Dustin M. Mueller and Richard R. Schmidt of Mueller, Berg & Schmidt, PLLC, Des Moines, for appellants.

David L. Riley of Swisher & Cohrt, P.L.C., Waterloo, for appellee.

Considered by Tabor, P.J., and Mullins and Schumacher, JJ.

**MULLINS, Judge.**

Gregory Pollow appeals the district court's denial of his motion for a new trial. Pollow argues he should have been granted a new trial based on allegedly inappropriate comments from opposing counsel during closing arguments.

I.      **Background Facts and Proceedings**

On July 13, 2015, Pollow was an employee for a delivery company and was injured while on his delivery route. Pollow was delivering a package to the home of Zelda Studebaker and approached the front door of the home. Pollow alleged the steps up to the door were covered with overgrown greenery and a morning glory plant, and he was unsure where it would be safest to mount the steps. Pollow used his foot to locate the center step and left the package at the door. On his return, Pollow stepped at the same place on the middle step and slipped on the plant, falling all the way to the ground. Pollow called for an ambulance to retrieve him from the scene. He underwent treatment for the injuries suffered during the fall and ultimately filed a negligence suit against the homeowner.

Following his injury, Pollow received employment benefits including medical treatment and wages. Prior to trial on his negligence claim, Pollow filed a motion in limine to exclude testimony regarding the payments and value of the services he received. The motion was granted. However, at trial he entered stipulations into the record revealing the value of those benefits to the jury. The following was read to the jury.

> The parties stipulate that an entity has paid Mr. Pollow's medical expenses. The paid expenses total $54,278.00. If awarded, the paid medical totaling $54,278.00 will need to be repaid to an entity.

> Stipulation number two, the parties stipulate that an entity has paid Mr. Pollow's past wages totaling $36,058.95. If awarded, the past lost wages totaling $36,058.95 will need to be repaid.
>
> Third stipulation, the parties stipulate that an entity has paid additional damages totaling $109,815.57. If awarded, these damages will need to be repaid.

During closing arguments, Studebaker's counsel discussed the assistance already provided to Pollow and appeared to argue he had already been made whole.

> So, folks, what that tells you is that [Pollow] has already received as a result of this $199,873.00. . . . If you find [Studebaker] not to be at fault or if you find him to be more than fifty percent at fault, he doesn't have to pay a nickel of that back. Not a nickel. So he didn't get the $54,000.00. He got the service, he got the treatment, he got the medical treatment, but that doesn't have to be paid back. He doesn't have to pay back the lost wages, $36,000.00. He doesn't have to pay back the other $109,815.00 that he received. . . . He's already received $199,000.00. All right. So bear that in mind as you're deciding some of these liability issues and whether or not to award.

During an off-the-record discussion, Pollow argued Studebaker's comments conflated the issue of liability with employment benefits already paid. The district court found the comments were not errant and provided no remedy. Pollow requested a jury instruction to cure the alleged error, instructing jurors that benefits received could not be a factor to consider when determining liability. The court rejected the requested instruction. The jury ultimately found Pollow was the cause of fifty-one percent of his damages and was thus awarded no relief. Pollow filed a motion for a new trial raising, among other things, the prior argument related to Studebaker's allegedly inappropriate comments during closing. The district court denied the motion, expressing its surprise the stipulations were presented to the jury at all following Pollow's successful pretrial motion in limine. The district court closed its discussion with the statement that "any harm caused by the introduction of [the stipulations] was the plaintiff's own doing." Pollow appeals.

## II.     Standard of Review

Appeals following denials of motions for a new trial on discretionary grounds are reviewed for abuse of discretion.  *See Ladeburg v. Ray*, 508 N.W.2d 694, 696 (Iowa 1993).

> An abuse of discretion occurs when "the court exercise[s] [its] discretion on grounds or for reasons clearly untenable or to an extent clearly unreasonable."  A ground or reason is untenable when it is not supported by substantial evidence or when it is based on an erroneous application of the law.

*Graber v. City of Ankeny*, 616 N.W.2d 633, 638 (Iowa 2000) (quoting *Waits v. United Fire & Cal. Co.*, 572 N.W.2d 565, 569 (Iowa 1997)).

## III.     Discussion

Pollow argues Studebaker's comments conflating the jury's consideration of liability with the value of employment benefits already provided were inappropriate.  Pollow further argues the district court erred in refusing to grant a curative instruction to the jury.  Studebaker argues the statements were merely commentary on the stipulation evidence presented to the jury by Pollow.  Studebaker also alleges error was not preserved on the issue.  We choose to bypass the error-preservation concern and proceed to the merits.  *See State v. Taylor*, 596 N.W.2d 55, 56 (Iowa 1999).

We use a two-part test to determine whether attorney misconduct should result in a new trial.  We first examine whether misconduct occurred.  *See Mays v. C. Mac Chambers Co., Inc.*, 490 N.W.2d 800, 802–03 (Iowa 1992).  Second, a new trial must be granted if the alleged misconduct resulted in prejudice or if "a different result could have been probable but for such misconduct."  *Rasmussen v. Thilges*, 174 N.W.2d 384, 391 (Iowa 1970).

We must first examine whether any misconduct occurred. *Mays*, 490 N.W.2d at 802–03. In order to succeed on a negligence claim, a claimant must prove "existence of a duty to conform to a standard of conduct to protect others, failure to conform to that standard, proximate cause, and damages." *Hartig v. Francois*, 562 N.W.2d 427, 429 (Iowa 1997). The elements make clear that damages and breach of a standard of conduct are separate elements. *See id.* Pollow alleges Studebaker's comment, "He's already received $199,000.00. All right. So bear that in mind as you're deciding some of these liability issues and whether or not to award," instructed the jury to consider the value of compensation he had already received in determining liability. The comment certainly asks jurors to remember that some compensation has already been provided and to keep that in mind during deliberation. But does that rise to the level of misconduct? As the district court explained in denying the motion for new trial, Pollow introduced the stipulations to the jury after securing a motion in limine to keep evidence of compensation out of the trial. We cannot say Studebaker's comments asking the jury to remember that compensation during its consideration of the case is proof of misconduct. Furthermore, we cannot say exclusion of the comments would have led to a different result because the stipulation evidence was already admitted. Moreover, no curative jury instruction was necessary.

Considering that no misconduct occurred during closing arguments, we need not move to the prejudice prong. *See Rasmussen*, 174 N.W.2d at 391. The district court did not erroneously apply the law, and its denial of the motion for new trial was made on grounds that were not clearly untenable and not to an extent

that was clearly unreasonable. The district court did not abuse its discretion in denying the motion for new trial.

**IV.    Conclusion**

Because we determine the district court did not abuse its discretion in concluding no misconduct occurred and denying the motion for new trial, we affirm.

**AFFIRMED.**