# IN THE COURT OF APPEALS OF IOWA

No. 15-1599
Filed November 23, 2016

**PATRICIA J. McILRATH,**
    Plaintiff-Appellee,

**vs.**

**PRESTAGE FARMS OF IOWA, L.L.C.,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Poweshiek County, Annette J. Scieszinski, Judge.

Defendant appeals the award of damages to plaintiff in her nuisance action based on odor from an animal confinement operation. **AFFIRMED.**

Sean P. Moore and Michael R. Blaser of Brown, Winick, Graves, Gross, Baskerville & Schoenebaum, P.L.C., Des Moines, and Robert Malloy and Lynn Collins Seaba of Malloy Law Firm, L.L.P., Goldfield, for appellant.

Thomas W. Lipps of Peterson & Lipps, Algona, and David J. Stein Jr. of Stein Law Office, Milford, for appellee.

Heard by Vaitheswaran, P.J., and Potterfield and Bower, JJ.

**BOWER, Judge.**

Prestage Farms of Iowa, L.L.C. appeals the award of damages to Patricia McIlrath in her nuisance action based on odor from an animal confinement operation. We find Prestage Farms was not entitled to immunity based on Iowa Code section 657.11(2) (2013). We also find the district court properly denied Prestage Farms's motions for judgment notwithstanding the verdict, new trial, or remittitur of damages. We affirm the decision of the district court.

## I.     Background Facts & Proceedings

In 1971, McIlrath and her husband, James, purchased a farm in rural Poweshiek County.[1] McIlrath made improvements to the property. McIlrath and James gifted one acre of their land to their son, Harley, and he lives with his two children in a home about 300 feet from his parents' home. Prestage Farms constructed an animal confinement facility in 2012 for 2496 hogs about 2200 feet from McIlrath's home.

On July 1, 2013, McIlrath filed an action claiming odor from the hog confinement facility constituted a nuisance and requested damages. Prestage Farms stated it was entitled to immunity based on Iowa Code section 657.11(2). The district court granted McIlrath's motion for summary judgment and found section 657.11(2) was unconstitutional as applied in this case, based on the Iowa Supreme Court's ruling in *Gacke v. Pork Xtra, L.L.C.*, 684 N.W.2d 168, 179 (Iowa 2004), finding section 657.11(2) was unconstitutional under article I, section 1 of the Iowa Constitution as applied to the plaintiffs in that case. The court found McIlrath was similarly situated to the plaintiffs in *Gacke*.

---

[1] Due to his health, James is not a party to this action.

Prior to the trial, Prestage Farms requested the court reverse its ruling finding section 657.11(2) was unconstitutional as applied in the case. The court found, even if the statute was not unconstitutional based upon the facts of the case, the statute would not provide immunity to Prestage Farms if (1) "[t]he animal feeding operation unreasonably and for substantial periods of time interfere[d] with the person's comfortable use and enjoyment of the person's life or property"; and (2) "[t]he animal feeding operation failed to use existing prudent generally accepted management practices reasonable for the operation." *See* Iowa Code § 657.11(2)(b). The court informed the parties it would submit the exceptions to immunity to the jury in a special verdict form so if there was a subsequent finding, based on the facts as presented during the trial, section 657.11(2) applied, there would be a determination by the jury as to whether Prestage Farms would be entitled to immunity under the statute.

During the trial, McIlrath testified there was an oppressive odor from the hog confinement facility when the wind was blowing from the southwest. She described the smell as "putrid," and stated there would be an intense odor on thirty to fifty percent of the days. Harley also testified about the odor from the hog confinement facility, as did McIlrath's neighbors, Robert Fuerst, Magolena Fuerst, and Larry Loftin. Brian Ritland of the Pinnacle Group testified about the manure management plan he designed for the facility. McIlrath presented the deposition of Dr. Michael Brugger, an agricultural engineer, concerning additional actions Prestage Farm could have taken to reduce the odor from the facility.

Prestage Farms presented the testimony of a neighbor, Brad Gruhn, who stated he never found the odor from the hog confinement facility to be

unreasonable or offensive. Bill Gibbons, an employee of the Iowa Department of Natural Resources (DNR), testified the facility was in compliance with all applicable statutes and regulations. Prestage Farms presented the expert testimony of Dr. Dwaine Bundy and the deposition of Dr. Larry Jacobson, both agricultural engineers, who testified there was very little gas emitted from the hog confinement facility, and, therefore, there would be very little odor.[2] Additionally, Ryan Pudenz, the general manager of Prestage Farms, testified about management practices.

The jury returned a verdict finding the hog confinement facility was a nuisance and this nuisance was a proximate cause of injuries sustained by McIlrath. McIlrath was awarded damages of $100,000 for loss of past enjoyment, $300,000 for loss of future enjoyment, and $125,000 for diminution of property value. On the special verdict form, the jury found the facility unreasonably and for substantial periods of time interfered with McIlrath's comfortable use and enjoyment of her life or property and Prestage Farms failed to use existing prudent generally-accepted management practices that were reasonable for the facility.

Prestage Farms filed post-trial motions requesting judgment notwithstanding the verdict, a new trial, a stay, or a conditional new trial. The district court found McIlrath was a joint tenant in the home with her husband and was entitled to one-half of the award for diminution of property value, thereby

---

[2] After the videotape of Dr. Jacobson's deposition was played for the jury, the court admitted an exhibit consisting of Dr. Jacobson's Powerpoint slides, which contained pictures of windbreak walls, chimneys for fans, a system to capture and treat emissions, and biofilters.

reducing that item of damages to $62,500. The court granted a fifteen-day stay of execution. In all other respects, the post-trial motions were denied. Prestage Farms now appeals.

## II.    Section 657.11(2)

Prestage Farms claims the district court should have granted its motion for judgment notwithstanding the verdict, pursuant to Iowa Rule of Civil Procedure 1.1003, or granted its motion for new trial, pursuant to rule 1.1004, because the court erred in finding section 657.11(2) was unconstitutional. "Constitutional challenges are reviewed de novo." *Griffin v. Pate*, 884 N.W.2d 182, 184 (Iowa 2016).

Iowa Code section 657.11(2) provides:

> An animal feeding operation, as defined in section 459.102, shall not be found to be a public or private nuisance under this chapter or under principles of common law, and the animal feeding operation shall not be found to interfere with another person's comfortable use and enjoyment of the person's life or property under any other cause of action. However, this section shall not apply if the person bringing the action proves that an injury to the person or damage to the person's property is proximately caused by either of the following:
> a. The failure to comply with a federal statute or regulation or a state statute or rule which applies to the animal feeding operation.
> b. Both of the following:
> (1) The animal feeding operation unreasonably and for substantial periods of time interferes with the person's comfortable use and enjoyment of the person's life or property.
> (2) The animal feeding operation failed to use existing prudent generally accepted management practices reasonable for the operation.

In *Gacke*, 684 N.W.2d at 179, the Iowa Supreme Court determined section 657.11(2) was unconstitutional as applied in that case. The court stated:

> Property owners like the Gackes bear the brunt of the undesirable impact of this statute without any corresponding benefit. Moreover,

their right to use and enjoy their property is significantly impaired by a business operated as a nuisance, yet they have no remedy. Unlike a property owner who comes to a nuisance, these landowners lived on and invested in their property long before Pork Xtra constructed its confinement facilities. Under these circumstances, the police power is not used for its traditional purpose of insuring that individual citizens use their property "with due regard to the personal and property rights and privileges of others." Instead, one property owner—the producer—is given the right to use his property *without* due regard for the personal and property rights of his neighbor. We conclude that section 657.11(2) as applied to the Gackes is unduly oppressive and, therefore, not a reasonable exercise of the state's police power. Accordingly, the statutory immunity violates article I, section 1 of the Iowa Constitution and may not be relied upon as a defense in this case. We express no opinion as to whether the statute might be constitutionally applied under other circumstances.

*Gacke*, 684 N.W.2d at 179 (citation omitted).

Prestage Farms claims section 657.11(2) should not be considered unconstitutional in this case because McIlrath's situation is not factually similar to that of the Gackes. It points out McIlrath and her husband previously raised Belgian horses. There is no evidence, however, McIlrath had an "animal feeding operation" as defined in section 459.102(4).[3] The evidence does not show McIlrath benefited from the operation of the statute. Furthermore, Prestage Farms claims some of McIlrath's neighbors had horses and cows. Again, there was no evidence these came within the definition of an "animal feeding operation." Prestage Farms also claims the set-back requirements have increased since *Gacke* was decided. We note the set-back requirements were

---

[3] "'Animal feeding operation' means a lot, yard, corral, building, or other area in which animals are confined and fed and maintained for forty-five days or more in any twelve-month period, and all structures used for the storage of manure from the animals in the operation." Iowa Code § 459.102(4). There is no evidence to show whether the Belgian horses were confined, or even if they were confined, whether they were confined for forty-five days or more during a twelve-month period.

not one of the factors cited by the Supreme Court in discussing the constitutionality of section 657.11(2). *Id.*

We agree with the district court's conclusion the factual situation in this case was substantially similar to that presented in *Gacke*, so that section 657.11(2) was unconstitutional as applied to the facts in this case. *See id.* As noted above, there was no evidence McIlrath received any benefit from the statute. *See id.* She lived on her property and made substantial improvements to it long before Prestage Farms constructed the hog confinement facility. *See id.* Based on these factors, section 657.11(2) is unconstitutional as applied to McIlrath, just as it was unconstitutional as applied to the Gackes.[4] *See id.*

### III.    Irregularity & Misconduct

Prestage Farms claims the district court abused its discretion by denying its motion for new trial. The company states it is entitled to a new trial due to irregularity in the proceedings and misconduct of the opposing party. *See* Iowa R. Civ. P. 1.1004(1), (2). When a motion for new trial is based on discretionary grounds, we review the district court's ruling for an abuse of discretion. *Weyerhaeuser Co. v. Thermogas Co.*, 620 N.W.2d 819, 823 (Iowa 2000).

**A.** Prestage Farms states counsel for McIlrath made improper statements during closing arguments to appeal to the passions or prejudices of the jurors. No objections were made during closing arguments, nor did the company file a motion for mistrial. We conclude Prestage Farms did not preserve error on this issue. *See State v. Nelson*, 234 N.W.2d 368, 371 (Iowa 1975) (noting objections

---

[4] We alternatively note, even if section 657.11(2) was not unconstitutional as applied to McIlrath, under the special verdicts reached by the jury, Prestage Farms would not be entitled to immunity based on the statutory exception found in section 657.11(2)(b).

to closing arguments are timely if made at the close of argument and in a motion for mistrial before submission of the case to the jury); *Rosenberger Enters., Inc. v. Ins. Serv. Corp.*, 541 N.W.2d 904, 907 (Iowa Ct. App. 1995) (noting when a party claims impropriety during closing arguments, "a motion for mistrial is considered timely if made prior to the submission of the case to the jury").

**B.** Before the hog confinement facility was built, Harley sent an email to the Poweshiek County Board of Supervisors inquiring about plans for the site. The email was forwarded to the County Auditor and the DNR. McIlrath indicated she wanted to present the email during the trial. In ruling on Prestage Farms's motion in limine, the district court ruled the email was inadmissible because it was hearsay. Before the testimony of Ritland, who had developed the manure management plan, counsel for McIlrath showed Ritland a copy of the email.

Plaintiff's counsel asked Ritland on the stand whether he was now aware there were some complaints about the site and then asked, "And as we visited before the courtroom—before you came into the courtroom—?" Defense counsel objected, and the matter was discussed outside the presence of the jury. The district court again ruled the email was inadmissible because it was hearsay and stated counsel for McIlrath could not question Ritland about it. Counsel for Prestage Farms stated, "I wouldn't ask for any instruction to the jury. I would just ask that there be no more references to those documents that were removed pursuant to the Motion in Limine and that we just go forward from there without those type of references."[5]

---

[5] Based on the court's ruling, McIlrath made an offer of proof concerning Ritland's testimony about the email.

On appeal, Prestage Farms claims the district court should have granted its motion for a new trial due to the efforts of counsel for McIlrath to question Ritland about the email despite the court's ruling the email was inadmissible. When the court asked Prestage Farms about relief, the company requested to just go forward without further references to the inadmissible email. We conclude Prestage Farms is not entitled to a new trial on this ground.

**C.** Robert Fuerst, a neighbor of McIlrath, testified about odor from the hog confinement facility, but also stated he had never complained to Prestage Farms about the odor. Fuerst had also filed a suit against Prestage Farms and then dismissed it. On redirect examination, counsel for McIlrath asked Fuerst if he had a mediation meeting with Prestage Farms where the topic was odor. Counsel for Prestage Farms objected to the mention of mediation. McIlrath's counsel stated he "misspoke." The district court directed McIlrath's counsel to move on to another subject.

Prestage Farms claims it is entitled to a new trial because counsel for McIlrath improperly questioned Fuerst about settlement efforts. We determine the district court properly denied the company's motion for new trial on this ground. There was only a brief mention of mediation, and plaintiff's counsel immediately moved on to a new subject as directed by the district court.

**D.** During the cross-examination of Pudenz, the general manager for Prestage Farms, counsel for McIlrath stated, "You're aware that the Iowa Code defines what a nuisance is. Aren't you aware of that just in general terms?" He then pulled out a copy of the Iowa Code and appeared ready to read from it. Prestage Farms objected, and the court addressed the matter outside the

presence of the jury. The district court ruled it was improper to pose legal questions to a fact witness. The court stated, "I find what you're doing improper, borderline unethical, and I am going to sustain the objection." Counsel for Prestage Farms then stated they wanted a moment to talk to their client to discuss whether they should ask for a mistrial. After a break, Prestage Farms did not request a mistrial.

The court stated it would tell the jury they would be informed of the law to be applied in the case by the court. When the jury returned, the court stated, "I need to tell you that the Court has sustained the objection. And additionally, just to echo what the Court has said before about the Court's duties and about what is evidence and what is not, the Court is responsible for instructing the jury about what Iowa law provides."

Prestage Farms claims the district court should have granted the motion for new trial because counsel for McIlrath improperly asked Pudenz about legal matters. We determine the court did not abuse its discretion in denying the motion for new trial on this ground. Prestage Farms had the opportunity to ask for additional or different relief, such as a motion for mistrial, but decided to continue with the trial. Furthermore, the court's statement to the jury cured any problems arising from the improper question about the Iowa Code. *See Berg v. Des Moines Gen. Hosp. Co.,* 456 N.W.2d 173, 178 (Iowa 1990) ("Generally, improper testimony is not unduly prejudicial if the jury is admonished to disregard it.").

**E.** When counsel for McIlrath continued the cross-examination of Pudenz, questions were asked about whether McIlrath had mitigated her

damages, and then counsel asked, "And you've taken the position that she should sell her home or attempt to sell her home; right?" Counsel for Prestage Farms objected on the ground McIlrath's counsel was reading from a motion for summary judgment. Outside the presence of the jury, the court sustained the objection, pointing out the issue of mitigation of damages had not been raised in the case. Counsel for Prestage Farms requested that as a sanction the cross-examination should be terminated. The court directed McIlrath's counsel to move on to a new subject. He agreed, however, to conclude the cross-examination at that time.

Prestage Farms claims the district court should have granted its motion for a new trial because counsel for McIlrath elicited testimony about legal arguments defense counsel had made in prior pleadings regarding McIlrath's duty to mitigate her damages. It states the improper questions were prejudicial. We note the sanction counsel for Prestage Farms requested at the time, termination of the cross-examination of Pudenz, was the result of the parties' discussion on the issue. We determine the district court did not abuse its discretion in denying the motion for new trial on this ground.

## IV. Sufficiency of the Evidence

Prestage Farms claims it is entitled to a new trial because the jury's verdict is not supported by sufficient evidence or was contrary to law. *See* Iowa R. Civ. P. 1.1004(6). "If a jury verdict is not supported by substantial evidence and fails to effectuate substantial justice, a new trial may be ordered." *Olson v. Sumpter*, 728 N.W.2d 844, 850 (Iowa 2007). On this issue, our review is for the

correction of errors at law. *Estate of Hagedorn ex rel. Hagedorn v. Peterson*, 690 N.W.2d 84, 87 (Iowa 2004).

**A.** Prestage Farms claims the district court should have granted its motion in limine and prohibited McIlrath's expert, Dr. Brugger, from testifying about alternative odor control technology. The company claims this evidence went to the issue of whether Prestage Farms "failed to use existing prudent generally accepted management practices reasonable for the operation." *See* Iowa Code § 657.11(2)(b). We have already determined section 657.11(2) is unconstitutional as applied to McIlrath. Therefore, Prestage Farms was not prejudiced by evidence regarding whether the company came within an exception to the immunity provided by the statute.

**B.** During the trial, counsel for McIlrath had a map of Iowa and as witnesses testified they would mark on the map where the witness lived or where an event occurred. McIlrath's counsel indicated it intended to submit the map as an exhibit. Counsel for Prestage Farms objected on the ground of relevance. The district court found the locations marked on the map had been mentioned by the witnesses in testimony. The court concluded the exhibit was admissible as a demonstrative exhibit.

Prestage Farms claims the map was irrelevant and should not have been admitted into evidence. "Evidence is relevant if it has 'any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.'" *Pexa v. Auto Owners Ins. Co.*, 686 N.W.2d 150, 158 (Iowa 2004) (quoting Iowa R. Evid. 5.401). Even if evidence is relevant, it may be excluded if the probative value of

the evidence is substantially outweighed by the danger of unfair prejudice. *Giza v. BNSF Ry. Co.*, 843 N.W.2d 713, 725 (Iowa 2014).

While the map had limited relevance to the issue of whether odor from the hog confinement facility constituted a nuisance to McIlrath, the same evidence was already in the record through the testimony of the witnesses. We determine admission of the map was not prejudicial because it was cumulative to properly admitted evidence. *See State v. Schaer*, 757 N.W.2d 630, 638 (Iowa 2008). The district court did not err in denying Prestage Farms's request for a new trial on this ground.

**C.** At the pretrial conference, Prestage Farms stated it did not intend to raise the issue of how counsel was selected by McIlrath, and it requested no evidence be presented on the issue of how Prestage Farms came to be represented by its counsel. Counsel for McIlrath responded Prestage Farms's counsel, the Malloy Law Firm, had assisted in the permitting process when the hog confinement facility was built and had previously represented Dr. Bundy, and it wanted to show how these entities were related. The district court ruled it was "going to permit all of it, and we'll just make the fullest record we can."

Prestage Farms claims the district court should have granted its motion for new trial because the court had improperly permitted McIlrath to present irrelevant evidence concerning the Malloy Law Firm's association with Prestage Farms. Again, the evidence was of limited relevance to the issue of whether odor from the hog confinement facility constituted a nuisance to McIlrath, but we determine Prestage Farms has not shown the evidence was prejudicial. We do not find any evidence to support Prestage Farms's claim McIlrath insinuated it

was improper for the Malloy Law Firm to perform legal services for Prestage Farms and Dr. Bundy in unrelated matters.

**D.** Prestage Farms objected to language in the jury instructions stating, "In the absence of evidence to the contrary, it is presumed that a plaintiff has ordinary sensibilities." The company claimed the language went to the burden of proof. The court overruled the objection. Prestage Farms claims it is entitled to a new trial because the instruction relieved McIlrath of her burden to prove a normal person would agree with her observations about the odor from the hog confinement facility.

The language in the instruction is a correct statement of law. *See Kriener v. Turkey Valley Cmty. Sch. Dist.*, 212 N.W.2d 526, 536 (Iowa 1973) ("And absent evidence to the contrary it is presumed plaintiffs are of normal or ordinary sensibilities."); *Kellerhals v. Kallenberger*, 103 N.W.2d 691, 694 (Iowa 1960) ("In this connection we have held it is presumed, in the absence of evidence to the contrary, that a plaintiff has ordinary sensibilities."); *Amdor v. Cooney*, 43 N.W.2d 136, 141 (Iowa 1950) (same). "A trial court must generally give a requested jury instruction if it states a correct rule of law applicable to the facts and the concept is not otherwise embodied in other instructions." *Hubbell Commercial Brokers, L.C. v. Fountain Three*, 652 N.W.2d 151, 158 (Iowa 2002). We conclude the district court did not err in denying Prestage Farms's motion for new trial based on its objection to this jury instruction.

## V.    Damages

**A.** During the discussion about jury instructions, counsel for Prestage Farms requested certain refinements to the instructions to specify damages

should only be awarded for McIlrath's loss of use and enjoyment of the property. The company was concerned the award might include damages for the loss of use and enjoyment of the property by James, Harley, and McIlrath's grandchildren. The district court agreed to change the language of the instructions, noting there was a risk of jury confusion over the award of damages.

On appeal, Prestage Farms claims the district court should have included an instruction to the jury specifying the damages awarded in the case should be limited to McIlrath. We determine the district court agreed to change the instructions based on Prestage Farms's objections. We conclude the district court did not err in denying the company's motion for new trial based on this objection to the jury instructions.

**B.** Prestage Farms claims it was entitled to judgment notwithstanding the verdict or a new trial because there was insufficient evidence in the record to support the award of damages to McIlrath for past and future loss of use and enjoyment of her property. "Generally speaking, if a jury's award is within the evidence we will not disturb it." *Tullis v. Merrill*, 584 N.W.2d 236, 241 (Iowa 1998). A jury's award of damages will be set aside only if (1) it is flagrantly excessive or inadequate; (2) it is so out of reason as to shock the conscience or sense of justice; (3) raises a presumption it is a result of passion, prejudice, or other ulterior motive; or (4) is lacking in evidentiary support. *Id.*

McIlrath testified about outdoor activities she enjoyed. She stated she liked to garden, walk, maintain the appearance of her home, watch birds and animals, and look at the night sky. She stated she liked to sit on the deck and read or sew, or have her morning coffee. McIlrath testified she would like to have

her son and grandchildren come over and engage in outdoor activities at her home. McIlrath testified all of these activities were curtailed because of the odor from the nearby hog confinement facility. Also, McIlrath was unable to open the windows of her home due to the odor. We find there is sufficient evidence in the record to support the jury's award of damages for past and future loss of use and enjoyment of her property. The district court did not err in denying Prestage Farms's motion for judgment notwithstanding the verdict.

**C.** Prestage Farms claims it is entitled to a new trial because the jury awarded excessive damages, which were influenced by passion or prejudice. It states the award of damages in this case is excessive when compared to the awards of damages in other nuisance cases against hog confinement facilities. McIlrath was awarded $100,000 for past loss of use and enjoyment of her property and $300,000 for future loss of use and enjoyment of the property.

"[A] flagrantly excessive verdict raises a presumption that it is the product of passion or prejudice." *WSH Props., L.L.C. v. Daniels*, 761 N.W.2d 45, 50 (Iowa 2008). However, "not every excessive verdict results from passion or prejudice." *Id.* "Special damages in nuisance cases are not subject to any precise rule for ascertaining damages because these damages are not susceptible of exact measurement." *Weinhold v. Wolff*, 555 N.W.2d 454, 465 (Iowa 1996). Therefore, if "there is any reasonable basis in the record to support the award, we will not disturb it." *Id.* In a claim of excessive damages, it is helpful "to consider the rough parameters of a range from other like cases." *Jasper v. H. Nizam, Inc.*, 764 N.W.2d 751, 772 (Iowa 2009).

We have already determined the award of damages for past and future use and enjoyment was supported by sufficient evidence. The damages represent "personal inconvenience, annoyance, discomfort, and loss of full enjoyment of the property caused by the offensive odor." *See Weinhold*, 555 N.W.2d at 465-66. Additionally, McIlrath testified to what she believed was the value of her property without the odor from the hog confinement facility and what she believed it was worth with the odor. We do not find the award is outside the reasonable range of damages from other like cases. *See Jasper*, 764 N.W.2d at 772. We determine there is a reasonable basis in the record to support the award of damages. We conclude the district court did not abuse its discretion by denying the motion for new trial on this issue.

**D.** Prestage Farms raises an alternative argument claiming the district court should have eliminated or significantly reduced the award of damages, pursuant to rule 1.1010. "[R]ule 1.1010 permits the district court to conditionally grant a new trial by giving a party a choice between consenting to a reduced or modified judgment and proceeding to a new trial." *Id.* at 769 n.2. After considering each of the grounds raised by Prestage Farms to support its request for a new trial, including its claim the damages were excessive, we have determined the district court properly denied the motion for new trial. For the same reasons, the district court also properly denied the request for remitter under rule 1.1010.

We affirm the decision of the district court.

**AFFIRMED.**