# IN THE COURT OF APPEALS OF IOWA

No. 15-2121
Filed November 23, 2016

**KARIN ANN BJORSETH,**
       Plaintiff-Appellant,

**vs.**

**IOWA NEWSPAPER ASSOCIATION,**
       Defendant-Appellee.

_____

       Appeal from the Iowa District Court for Polk County, Paul D. Scott, Judge.


       Karin Bjorseth appeals the district court's order granting summary

judgment in favor of Iowa Newspaper Association.  **AFFIRMED.**



       Eric M. Updegraff of Hopkins & Huebner, P.C., Des Moines, for appellant.

       Mitchell R. Kunert of Nyemaster Goode, P.C., Des Moines, for appellee.


       Considered by Danilson, C.J., and Vaitheswaran and Tabor, JJ.

**VAITHESWARAN, Judge.**

In this employment discrimination appeal, we must decide whether the district court erred in granting the employer's summary judgment motion on the employee's claim of retaliatory discharge.

The undisputed material facts viewed in a light most favorable to the employee are as follows. *See* Iowa R. Civ. P. 1.981(3) (stating summary judgment is appropriate where there is no genuine issue of material fact and moving party is entitled to judgment as a matter of law); *Ballalatak v. All Iowa Agric. Ass'n*, 781 N.W.2d 272, 275 (Iowa 2010) ("This court reviews the record in the light most favorable to the nonmoving party."). Karin Bjorseth worked as an account executive for the Iowa Newspaper Association (INA). Her earnings were commission-based, but she was required to work forty hours per week. INA allowed employees to accrue personal time off based on the hours employees worked. They could take accrued time with the advance approval of their supervisors.

After exhausting her personal leave, Bjorseth asked her supervisor if she could take a day off. She was informed that the equivalent of eight hours of pay would be subtracted from her paycheck.

Bjorseth contacted someone at the State to determine whether INA could take this action. She was told the company could not deduct anything from her paycheck. Bjorseth shared this information with her supervisor. According to the supervisor, Bjorseth did not take the time off, and no amount was ever deducted from her wages. INA subsequently terminated Bjorseth's employment based on poor work performance.

Bjorseth sued INA for (1) violation of the Iowa Wage Payment Collection Act and (2) "wrongful discharge in violation of public policy and the Iowa Wage Payment Act's prohibition against retaliation." The district court granted INA's motion for summary judgment.

In ruling on the first count, the court stated, "Both parties . . . agree that there are no unpaid wages at issue in this case and that Bjorseth was paid all wages due in full. As there was no failure to pay any wages, INA cannot be liable under [Iowa Code c]hapter 91A [(2013)] for failure to pay wages and is entitled to judgment as a matter of law."

With respect to the second count, the court agreed with Bjorseth that chapter 91A "prohibits an employer from discharging an employee in response to the employee filing a complaint or bringing an action under the Iowa Wage Payment Collection Act." *See* Iowa Code § 91A.10(5).[1] But, the court explained, "[F]or an employee to have a cause of action under chapter 91A in the first place, an employer must have improperly failed to pay all wages due to the employee. Here, Bjorseth was paid all wages she was owed."

The court proceeded to answer the question "whether an employee contesting a proposed reduction to their wages—without any wages actually being withheld—is afforded protection against retaliatory discharge through public policy." After canvassing state and federal case law, the court concluded "[a] dispute that led to no improper action is not enough to provide chapter 91A protection to Bjorseth." The court reasoned as follows,

---

[1] The provision states in pertinent part, "[a]n employer shall not discharge or in any other manner discriminate against any employee because the employee has filed a complaint, assigned a claim, or brought an action under this section."

> While the Iowa Wage Payment Collection Law is indeed an express public policy exception to the general at-will employment approach, it does not clearly identify fully-compensated employees as being protected from employer retaliation. The statute itself is designed to facilitate recollection of wages owed to employees. The purpose of the law would not be furthered by providing protection in employment disputes that do not result in withheld wages.
>
> . . . .
>
> Chapter 91A is not a rule prohibiting an employee's termination in response to a wage dispute. Instead, it is a rule prohibiting an employee's termination in response to a wage dispute where an employee has not been fully paid. The parties in this case agree that no wages were withheld at any point. Chapter 91A and the associated public policy thus do not afford Bjorseth protection.

We discern no error in the court's ruling. *See Tegtmeier v. PJ Iowa, L.C.*, No. 3:15-cv-00110-JEG, 2016 WL 3265711, at *9 (S.D. Iowa May 18, 2016) ("[T]he statutory right of an employee to prevent unauthorized wage deductions requires a deduction to have been made."); *Morris v. Conagra Foods, Inc.*, 435 F. Supp. 2d 887, 913 n.14 (N.D. Iowa 2005) ("Although the Iowa Supreme Court has stated 'Iowa Code chapter 91A plainly articulates a public policy prohibiting the firing of an employee in response to a demand for *wages due*,' the state court has never extended the public policy to encompass every wage dispute an employee has with an employer, and this court refuses to do so as well." (citation omitted)); *Kavanagh v. KLM Royal Dutch Airlines*, 566 F. Supp. 242, 245 (N.D. Ill. 1983) ("Although plaintiff argues that his discharge contravened the public policy favoring the exercise of rights under the Wage Payment and Collection Act, it is obvious from his complaint that he has no standing to assert rights under the Act because [the employer] never made a deduction from his salary, the *sine qua non* of a claim under the Act."); *Dorshkind v. Oak Park Place of Dubuque II,*

*L.L.C.*, 835 N.W.2d 293, 303 (Iowa 2013) ("[T]he [public policy exception to the doctrine of at-will employment] is narrowly circumscribed to only those policies clearly defined and well-recognized to protect those with a compelling need for protection from wrongful discharge."); *Tullis v. Merrill*, 584 N.W.2d 236, 239 (Iowa 1998) (holding "Iowa Code chapter 91A plainly articulates a public policy prohibiting the firing of an employee in response to a demand for *wages due* under an agreement with the employer" (emphasis added)).  Because the material facts are essentially undisputed and the law supports the district court's conclusion, we affirm the summary judgment ruling in favor of INA.

**AFFIRMED.**