# IN THE COURT OF APPEALS OF IOWA

————————————

No. 25-0415
Filed May 13, 2026

————————————

**State of Iowa, ex rel A.S.,**
Petitioner–Appellee,

v.

**Branden Jerad Nelson,**
Respondent–Appellant,

and

**Jessica Nicole Fugate,**
Respondent.

————————————

Appeal from the Iowa District Court for Des Moines County,
The Honorable Wyatt Peterson, Judge.

————————————

**AFFIRMED**

————————————

Branden Jerad Nelson, Burlington, self-represented appellant.

Brenna Bird, Attorney General, and Andrea Smith Hixon and Gary J.
Otting, Assistant Attorneys General, attorneys for appellee State.

————————————

Considered without oral argument
by Tabor, C.J., and Chicchelly and Sandy, JJ.
Opinion by Chicchelly, J.

1

**CHICCHELLY, Judge.**

Branden Nelson appeals from a support order entered under Iowa Code chapter 252F (2024). He challenges the award of past support and the requirement that he provide health care coverage. Because Nelson has not preserved error on the issues he raises on appeal or presented a record of the proceedings for our review, we affirm.

## BACKGROUND FACTS AND PROCEEDINGS

This support action concerns A.S., born in 2012. In June 2022, the child's mother filed a written statement alleging paternity with the Iowa Department of Health and Human Services naming Nelson as A.S.'s father. *See* Iowa Code § 252F.3(1). In December 2024, Iowa Child Support Services (CSS) served Nelson notice that it would seek accrued child support and medical support if it found that Nelson is the child's father. *See id.* § 252F.3(1)(c). At Nelson's request, CSS ordered genetic testing to discover paternity. *See id.* § 252F.3(6)(a). The results of that testing showed that Nelson could not be excluded as the possible father of A.S. with a 99.9% probability of paternity. *See id.* § 252F.3(6)(i) (providing that there is a rebuttable presumption of paternity if testing shows the putative father is not excluded and the probability of paternity is ninety-five percent or higher).

Nelson asked for a court hearing to decide his support obligation. *See id.* § 252F.4. The hearing took place in March 2025. Two days later, the court ordered Nelson to pay $548 per month for A.S.'s support. *See id.* § 252F.5(6) ("[T]he court shall establish the amount of the accrued and accruing child support pursuant to the guidelines established under section 598.21B . . . ."). It also entered judgment for past support of $12,604, ordering Nelson to pay in installments of $54.80 per month beginning on April 1, 2025, until paid in full. *See id.* Finally, the court ordered Nelson to

provide health care coverage under Iowa Code chapter 252E and pay 79% of uncovered medical expenses over $250 up to a maximum of $800 per year. *See id.* § 252F.5(6) (requiring the court to "establish medical support pursuant to chapter 252E"). Nelson appeals.

## SCOPE AND STANDARD OF REVIEW

We review child support awarded in a paternity action de novo. *See Markey v. Carney*, 705 N.W.2d 13, 19 (Iowa 2005); *Thorpe v. Hostetler*, 949 N.W.2d 1, 4–5 (Iowa Ct. App. 2020). On de novo review, we examine the entire record before the district court and decide the issues preserved for appeal anew. *Thorpe*, 949 N.W.2d at 5. "While we are not bound by the fact-findings of the district court, we give them weight, especially as to credibility determinations." *Id.*

## DISCUSSION

Nelson does not challenge the requirement that he pay $548 per month in support for A.S. Instead, he challenges the judgment of $12,604 for past support, claiming that (1) the State unreasonably delayed enforcement, resulting in an improper retroactive support judgment, and (2) his due process rights were violated because he was never given notice that "such a large arrearage would accrue." Nelson also contends the court erred in calculating the amount of his medical support obligation.

Our review is impeded by a myriad of problems.[1] First, no transcript of the court hearing was provided to our court. Under Iowa Rule of Appellate

---

[1] While Nelson is self-represented in this action, he is held to the same standard as a lawyer. *See In re Estate of DeTar*, 572 N.W.2d 178, 180 (Iowa Ct. App. 1997) ("The law does not judge by two standards, one of lawyers and another for non-lawyers. All are

Procedure 6.803(1), Nelson must ensure we are provided with the transcripts of any proceedings necessary for resolving the issues on appeal. We cannot review the district court's findings or conclusions without a transcript of the evidence before it. Iowa R. App. P. 6.803(1).

Second, Nelson did not preserve error on his claims relating to past child support. "It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal." *Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002). Nelson claims he preserved error by moving the court to stay enforcement of and waive or reduce the supersedeas bond. But Nelson filed his notice of appeal before filing the motions, which divests the district court of jurisdiction.[2] *Lincoln Sav. Bank v. Emmert*, 986 N.W.2d 376, 378 (Iowa 2023) ("[T]he district court lacked the power to rule on the motions filed after her notice of appeal because her appeal divested the district court of jurisdiction."). Even if Nelson timely raised the issues and the court had jurisdiction to decide them, it never ruled on Nelson's claims that it erred by ordering him to pay past child support due to the State's delay in enforcement or a due process violation.[3]

---

expected to act with equal competence." (internal citations omitted)). A party choosing self-representation does so at their own risk. *Id.*

[2] Nelson's motion to stay enforcement states that he filed a notice of appeal "challenging the validity of the arrears determination based on the state's delay in enforcement and other legal grounds."

[3] Although Nelson claims the judgment for past support is improper because of the State's delay in enforcement, we note that the statute allows such actions to be brought under chapter 252F within one year of the child reaching the age of majority. Iowa Code §§ 252F.2(2) (allowing actions to "be brought within the time limitations set forth in section 614.8"), 614.8(2) (providing that actions must be filed within "one year from and

Finally, Nelson does not describe the alleged error in the court's calculation of his medical support obligation. He asserts his argument is based on newly discovered evidence. Nelson has not shown where the issue was raised to and decided by the district court. Nor has he supplied a transcript of the hearing for our review. Even setting those issues aside, Nelson is only entitled to a new trial if he shows: (1) the evidence is newly discovered and could not have been discovered before the hearing; (2) the evidence is "not merely cumulative or impeaching"; and (3) "the evidence will probably change the result if a new trial is granted." *See Tullis v. Merrill*, 584 N.W.2d 236, 242 (Iowa 1998). Nelson simply claims that the support "should be corrected to reflect the proper calculation under Iowa Code § 252E.1A and the Child Support Guidelines" without further explanation. He has not met the showing needed for a new trial based on newly discovered evidence.

For these reasons, we affirm.

**AFFIRMED.**

---

after attainment of majority" by the child). A.S. was twelve years old when CSS brought this action.